UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO.  7:11-CV-00017-KKC

DREW HOWARD BRINSON,                                                    PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

RICHARD IVES, *Warden*,                                                 RESPONDENT

Drew Howard Brinson, currently confined in the United States Penitentiary-Big Sandy, ("USP-Big Sandy") located in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [R. 2].[1]  Brinson has also filed two amendments to his § 2241 petition, [R. 12, 13], and a series of motions seeking judgment on his claims, permission to further amend his § 2241 petition, and various other forms of relief, [R. 11, 16, 20, 21, 23].

As Brinson has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243.  At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

### CLAIMS ASSERTED

Brinson alleges that the  Bureau of Prisons ("BOP") has incorrectly determined that his

---

[1] When Brinson filed this § 2241 petition, David Berkebile was the Warden of USP-Big Sandy.  As Richard Ives is now the Warden of USP-Big Sandy, he will be substituted as the Respondent to this proceeding in place of Berkebile.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys.  *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor.  *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

twenty-year sentence from a North Carolina federal court and his five-year firearm sentence from a South Carolina federal court run consecutively to various South Carolina state-court sentences which he satisfied in 2010. Brinson alleges that failure of the both the North Carolina and South Carolina federal courts to run his federal sentences concurrent to his state sentences violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

Brinson alleges that the BOP has incorrectly projected his early release date as November 13, 2031, assuming he earns all statutory Good-Time Credits ("GTC"), and his full-term release date as January 31, 2035. Brinson contends that in light of the BOP's improper calculations, this Court should direct the BOP to designate him for a projected release date in 2016, instead of a projected release date in November 2031. Finally, Brinson challenges not only the BOP's decision to confine him in USP-Big Sandy, but also the BOP's process of deducting his prison-job wages from his inmate account to satisfy his federal fines and restitution obligations.

Because Brinson has not demonstrated that the BOP has incorrectly determined that his two federal sentences run consecutively to his state sentences or that his early release date should be November 13, 2031, or that other grounds entitling him to relief under § 2241 exist, his habeas petition, amendments thereto, and related motions will be denied. Brinson's challenge to his placement in USP-Big Sandy, and his challenge to the BOP's process of deducting money deposited into his inmate account from his prison job, will be dismissed without prejudice to his administratively exhausting those claims and asserting them in a separate civil rights action.

## PROCEDURAL HISTORY

The following is a chronological summary of Brinson's various state and federal criminal sentences, his collateral challenges to one of the federal sentences he received, and the BOP's

calculation of his two federal sentences.

### 1. The First South Carolina State Sentence

On July 11, 1991, Brinson and another individual robbed the Santee Cooper State Bank of South Carolina. Brinson was convicted of bank robbery in the Lexington County General Sessions Court, Case No. 92-GS-32-457. On March 13, 1992, Brinson received a twenty-two year sentence in that proceeding ("the First South Carolina State Conviction"). *See* Sentence in Case No. 92-GS-32-457, Attachment to § 2241 Petition, [R. 2-2, p. 4].

### 2. The South Carolina Federal Sentence

On August 5, 1992, Brinson was indicted in the United States District Court for the District of South Carolina for committing armed bank robbery on July 11, 1991, (in violation of 28 U.S.C. § 2113(d)) and using a firearm during the commission of that bank robbery (in violation of 18 U.S.C. § 924(c)). *See United States v. Drew Howard Brinson*, No. 5:92-CR-00387-CES-2 (D.S.C.). On October 9, 1992, a jury convicted Brinson of both offenses.

On September 23, 1993, the South Carolina federal court sentenced Brinson to a 185-month prison term on these offenses ("the South Carolina Federal Sentence"). Because Brinson's federal conviction and the First South Carolina State Sentence stemmed from the same July 11, 1991, bank robbery, the South Carolina federal court (1) ordered the 125- month (armed robbery) portion of its sentence to run **concurrently with** the First South Carolina State Conviction, and (2) recommended that the South Carolina Department of Corrections ("SCDC") be designated as the place of incarceration for the 125-month portion of the South Carolina Federal Sentence. *See* Criminal Judgment in 5:92-CR-3787 (D.S.C.), Attachment to § 2241 Petition, [R. 2-4, p. 2].

The South Carolina federal court did not, however, order Brinson's sixty (60) month sentence

3

on the § 924(c) firearm conviction to run concurrently with either the 125-month armed robbery conviction or the First South Carolina State Conviction.  Instead, it ordered Brinson's sixty-month § 924(c) sentence to run **consecutively to** the 125-month sentence on the § 2113 armed robbery count.[3]  [*Id.*].  Thus, Brinson's total prison term in the South Carolina Federal Sentence was 185 months.

Brinson appealed, but his conviction was affirmed.  *United States v. Brinson*, 39 F. 3d 1178, 1994 WL 589485 (4th Cir. October 27, 1994) (Unpublished). It does not appear from the Fourth Circuit's opinion that Brinson appealed the imposition of the consecutive sixty-month sentence under § 924(c).

### 3.  The Second South Carolina State Sentence

On October 18, 1993, in the Lexington County General Sessions Court, Case No. 93-GS-1556, Brinson pleaded guilty to escape, kid-napping, and robbery, and in three separate Orders was sentenced to a total thirty year-prison term ("the Second South Carolina State Conviction").  *See* Sentences in Case No. 92-GS-32-1556, Attachment to § 2241 Petition, [R. 2-2, pp. 1-3].

### 4.  The North Carolina Federal Sentence

On May 10, 1994, Judge Terrence W. Doyle of the United States District Court for the Western District of North Carolina entered a "Judgment in a Criminal Case" in *United States v. Drew Howard Brinson*, No. CR A-CR-93-21-01 (W.D.N.C.), sentencing Brinson to a twenty-year prison term for taking money from a bank by use of force and intimidation in violation of 28 U.S.C.

---

[3] Under 18 U.S.C. § 924(c)(1)(A), a sentencing court **must** impose a five year sentence if a defendant is convicted if using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime; the sentence is neither optional nor discretionary.  As a result, a five-year sentence under § 924 (c) for carrying or using a firearm in connection with a crime of violence, such as armed bank robbery in violation of § 2113(a) and (d), may run consecutively to the sentence imposed on the § 2113(d) bank robbery offense.  *United States v. Baldwin*, 41 F. App'x 713, 715 (6th Cir. 2002); *United States v. Jolivette*, 257 F.3d 581, 587 (6th Cir.2001).

4

§ 2113(d) ("the North Carolina Federal Sentence").[4]  *See* Criminal Judgment in CR-93-21, Attachment to § 2241 Petition, [R. 2-3, pp. 1-4].  The "Judgment in a Criminal Case" listed the date of the offense as "October 27, 1992."

Judge Doyle did not order the North Carolina Federal Sentence to run concurrently with any other sentence (either state or federal), nor did he mention any of Brinson's prior sentences (either state or federal).  Brinson does not allege, and it does not otherwise appear, that he either appealed the North Carolina Federal Sentence or filed a motion in the sentencing court under 28 U.S.C. § 2255 to vacate the North Carolina Federal Sentence.

### 5.  Prior Collateral Challenges to the South Carolina Federal Conviction

On June 19, 1997, Brinson filed a motion under 28 U.S.C. § 2255 to vacate the South Carolina Federal Sentence.  *Brinson v. United States*, No. 5:97-CV-01880-CES (D.S.C.).  On December 8, 1997, the court denied that motion as time-barred, finding that the one-year statute of limitations for filing a § 2255 motion under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 had expired on April 26, 1997, two months before Brinson filed his § 2255 motion on June 19, 1997.  [*Id.*, R.18].  Brinson appealed, but the Fourth Circuit denied Brinson a certificate of appealability and dismissed the appeal.  *Brinson v. United States*, 151 F.3d 1030, 1998 WL 382666 (4th Cir. June 10, 1998) (Table).

On December 8, 1999, Brinson filed a petition in federal court in South Carolina for a writ

---

[4] In connection with that offense, Brinson was also charged in the state courts of North Carolina, *i.e.*, the 28th Prosecutorial District in Asheville, North Carolina, with violating 92 CRS 66311, (Robbery with a Dangerous Weapon).  On September 30, 1998, North Carolina officials dismissed the state robbery charges against Brinson because he had by then been convicted of the same charges in federal court in North Carolina.  *See Brinson v. District Attorney Ronald L. Moore*, 1-98-CV-187 (W.D. N. C.), Motion to Dismiss Brinson's 28 U.S.C. § 2254 habeas corpus petition, [R. 4, 7/2/99], and Order and Judgment dismissing 28 U.S.C. § 2254 petition [R. 6 & 7, 11/5/99].

of *coram nobis* in an effort to collaterally challenge the South Carolina Federal Sentence. *Brinson v. United States*, No. 6:99-CV-03973 (D.S.C.). On January 6, 2000, that court adopted the Magistrate Judge's Report and Recommendation ("R & R") to dismiss the § 2241 petition on the grounds that: (1) Brinson did not qualify for *coram nobis* relief because he had not completed his federal sentence; (2) Brinson had a specific judicial remedy available to him through which he could have raised alleged errors at trial, to wit: a § 2255 motion; and (3) Brinson had not obtained the Fourth Circuit's written permission to file what was tantamount to a successive § 2255 motion, as required by the AEDPA, 28 U.S.C. §§ 2255, 2244. *See id.*, Order, [R. 5]; R & R, [R. 3].

In his third effort to collaterally challenge the South Carolina Federal Sentence, Brinson filed a petition for writ of habeas corpus in federal court in South Carolina on March 8, 2010, alleging the same claims that he now raises in his instant § 2241 petition, *i.e.*, that his state and federal sentences had by that time expired; that the BOP had improperly calculated the length of his federal sentences; and that he should be released from custody. *Brinson v. United States Marshal's Service*, No. 6:10-CV-00556-DCN (D.S.C.). On April 13, 2010, that court transferred his § 2241 petition here, *see Brinson v. United States Marshal's Service*, No. 7:10-CV-00051-ART (E.D. Ky.). On June 11, 2010, this Court dismissed the § 2241 petition because Brinson had not exhausted his administrative remedies. [*Id.*, R. 31]. After Brinson administratively exhausted his claims within the BOP, he then filed the instant § 2241 petition.

### 6. The BOP's Calculation of Brinson's Federal Sentences

Brinson has attached to his § 2241 petition the BOP's May 27, 2010, Sentence Monitoring Computation Data ("SMCD"), [R. 2-7, pp. 1-3], which lists the specifics of the federal sentences which Brinson is serving (*i.e.*, the term of the sentences; date that the sentences were rendered; the

6

docket number and district court in which the sentences were rendered; whether the sentences are concurrent or consecutive; and the date that BOP determined that Brinson began serving his sentences), and Brinson's projected early and full term release dates.

Although Brinson did not come into the BOP's actual custody until March 11, 2010, the SMDC lists February 1, 2010, as the date on which Brinson began serving his federal sentences.[5] According to the SMDC, from February 1, 2010, Brinson is scheduled to serve a total of twenty-five years in BOP custody toward satisfaction of two different federal sentences consisting of: (1) the part of the South Carolina Federal Sentence which imposed a **consecutive** term of five years (sixty months) for the § 924(c) use of a firearm-in-relation-to a crime of violence charge, and (2) the twenty-year North Carolina Federal Sentence. *See* SMDC entries, "Total Term in Effect - 20 Years 60 Months " and "Total Term in Effect Converted- 25 Years." [*Id*., p. 2].

The SMDC classified Brinson's sixty-month § 924(c) sentence as consecutive to the 125-month portion of the South Carolina Federal Conviction. The SMDC also classified Brinson's twenty-year North Carolina Federal Sentence as "consecutive" to the undischarged sixty-month portion of South Carolina Federal Sentence, resulting in total service in the BOP for twenty-five years. Based on these classifications, the SMDC lists Brinson's "full-term" expiration date as January 31, **2035** (twenty-five years from February 1, 2010), and his projected release date as November 12, **2031**, assuming that Brinson earns 1176 days (three years and two and a half months) of statutory GTC. [*Id*., p. 3].

---

[5] As will be explained *infra*, the BOP's determination on this issue is consistent with the SCDC's determination that Brinson completed service of both the First South Carolina State Sentence and the Second South Carolina State Sentence on February 1, 2010. *See* September 30, 2011, Fax Memorandum from Stephanie Willis of the SCDC, [R. 23-1].

## BRINSON'S LEGAL ARGUMENTS AND THE BOP'S
## RESPONSES TO HIS ADMINISTRATIVE REMEDIES

Brinson alleges that he did not learn that he would  be serving twenty-five years in federal prison until early 2010, after he concluded service of both the First South Carolina State Sentence and the Second South Carolina State Sentence and physically came into the BOP's custody.  He alleges that because the BOP has incorrectly classified both the § 924(c) sixty month portion of the South Carolina federal Sentence, and the entire North Carolina Federal Sentence as consecutive prison terms, it has improperly delayed his full-term release date until January 2035 and that his early release date (with GTC) until November 2031.

Brinson first argues that because both of his South Carolina state sentences expired no later than 2003, the BOP should have taken him into its custody on some unspecified date in 2003, instead of seven years later, in early 2010.  Brinson alleges that the BOP should credit his federal sentences with the seven years he spent in the SCDC's custody between 2003 and 2010.      Second, Brinson objects to the BOP's classification of the sixty-month portion of the South Carolina Federal Sentence as a consecutive term which he must serve in federal custody.  He contends that his sixty-month sentence on the § 924(c) firearm charge ran concurrently with his service of the First South Carolina State Sentence, which he has now satisfied and discharged, and that the BOP is improperly extending his federal sentence by sixty months.

Third, Brinson alleges that when he signed the Plea Agreement in the North Carolina federal court, he did so based on the express understanding that he was pleading guilty to armed bank robbery in exchange for his North Carolina Federal Sentence to run concurrently with both the First South Carolina State Sentence and the South Carolina Federal Sentence, and that the government

8

stipulated in the May 3, 1994, Plea Agreement that his federal sentence would be served concurrently with any previously imposed state sentence.   *See* Plea Agreement in CR-93-21 (W.D.N.C.), Attachment to § 2241 petition, [R. 2-5, pp. 1-4].

In his Motion for Leave to Amend his § 2241 petition, Brinson alleged that during the May 3, 1994, sentencing hearing, the North Carolina Federal Court agreed to run his federal sentence concurrently with the First South Carolina State Court Sentence according to the Plea Agreement, [R. 2-5, pp. 1-4], but that a week later, on May 10, 1994, that court secretly removed the "concurrent" aspect from the Criminal Judgment, without notifying him, and entered a Criminal Judgment sentencing him to a twenty-year prison term.   *See* Motion, [R. 23, p. 3].

Brinson further alleges in that filing that the North Carolina federal court failed to ensure his sentencing hearing was properly recorded by a court reporter; failed to ensure that the entire proceeding was properly maintained on paper to enable subsequent access; failed to complete the "Statement of Reasons" in the May 10, 1994, Criminal Judgment; and failed to list his criminal history points in the Criminal Judgment.   Brinson contends that because the North Carolina federal court breached the Plea Agreement and covertly entered a Criminal Judgment that omitted the "concurrent service" language, the BOP is now requiring him to serve twenty years in federal custody on the North Carolina Federal Sentence without any prior custody credit.

He therefore asks this Court to order the BOP to rectify its calculations which are unnecessarily extending the length of his federal confinement by twenty years.

As to both of his federal sentences, Brinson essentially seeks either a   *nunc pro tunc* designation of the South Carolina state facility where he was in custody between 2003 and 2010, pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991) and 18 U.S.C. § 3621(b), or "Willis"

credits, pursuant to the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), which has been incorporated into the BOP's policy and applies when a prisoner's federal sentence is ordered to run concurrently with a prior state sentence.[6]

Finally, Brinson alleged that pre-sentence investigation reports ("PSR") reports prepared during his two federal criminal proceedings were based on inaccurate and/or obsolete information about him; that he lacked adequate legal counsel to advise him in his federal criminal proceedings, that he has taken steps to improve himself educationally during his long term of incarceration; that separation from his children has caused hardships to him and his family; that he should not have been transferred to a high security facility such as USP-Big Sandy, which lacks certain features; and that he should be released on equitable grounds because he has paid his debt to society.

On September 17, 2010, Harrell Watts, Administrator of the National Inmate Appeals, denied Brinson's BP-11 Administrative Remedy.  [R. 2-8, p.2].  As for the BOP's calculation of the sixty-month § 924(c) sentence, Watts explained that ". . .terms of imprisonment imposed pursuant to Title 18 U. S. C. § 924 (c) shall not run concurrently to any other term of imprisonment imposed." [*Id.*].  Watts further stated that the North Carolina Federal Sentence

> . . . should be served consecutive to any previously imposed federal sentences and concurrent to any previously imposed state sentences.  As the 20-year term cannot be calculated to run both concurrent to the state sentences and consecutive to the

---

[6] Pursuant to BOP Program Statement ("PS") 5880.28, *Sentence Computation Manual*, a federal prisoner is entitled to *Willis* credits when:  (1) his federal and state sentences are concurrent; and (2) his federal sentence is to run longer than the state sentence (not counting any credits).  When the prisoner meets both criteria, he is entitled to credits on his federal sentence, calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that his first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits.

P.S. 5880.28(2)(c).

10

federal sentence, it has been calculated to run consecutive to the previously imposed federal sentence.

[*Id*.].

## DISCUSSION

The BOP has properly determined that Brinson must serve twenty-five years in federal custody pursuant to both the North Carolina Federal Sentence and the § 924 (c) sixty-month portion of the South Carolina Federal Sentence; has properly concluded that Brinson is not entitled to any custody credits stemming from his service of his prior state and federal sentences; and has correctly calculated his projected early release date as November 12, 2031 (assuming he earns all of his GTC) and his full term release date as January 31, 2035.

### 1. The § 924 (c) Sixty-Month Portion of the South Carolina Federal Sentence

Brinson fails to understand that being convicted of using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) means that a sentencing court **must** impose a five year sentence on a defendant convicted of the offense; the sentence is neither optional nor discretionary.  Harrell Watts explained this fact when he denied Brinson's BP-11 appeal.  *See* Watts Denial, [R. 2-8, p. 10].  Further, a sentencing court is permitted to run a five-year (sixty-month) § 924 (c) sentence consecutive to an underlying § 2113(d) bank robbery offense.  *See United States v. Baldwin*, 41 F. App'x 713, 715 (6th Cir. 2002); *United States v. Jolivette*, 257 F.3d 581, 587 (6th Cir. 2001).  This is exactly what the South Carolina federal court ordered in the South Carolina Federal Sentence.

Brinson correctly argues that the South Carolina Federal Sentence was ordered to run concurrently with the First South Carolina State Sentence, but he ignores the fact that the South

Carolina Federal Sentence clearly and explicitly stated that *only* the 125-month sentence on the § 2113(d) armed bank robbery count was to run concurrently with the First South Carolina State Sentence. *See* R. 2-4, p. 2. The SMDC lists no service requirements for the 125-month portion of the South Carolina Federal Sentence pertaining to the § 2113(d) armed bank robbery offense. The SMDC is therefore consistent with the South Carolina federal court's explicit determination that Brinson serve his 125-month sentence on the armed bank robbery offense concurrently with the First South Carolina State Sentence. The SMDC is also consistent with the SCDC's determination that Brinson completed service of both the First South Carolina State Sentence and the Second South Carolina State Sentence on February 1, 2010. *See* September 30, 2011, Fax Memorandum from Stephanie Willis of the SCDC, [R. 23-1].

Thus, BOP has designated, *nunc pro tunc*, the SCDC facility where Brinson served the First South Carolina State Sentence as the place where he served the 125-month portion of the South Carolina Federal Sentence. Under *Barden*, Brinson was able to serve both his 125-month sentence on the § 2113 (d) armed bank robbery count **and** the First South Carolina State Sentence at the same time while he was confined in the custody of the SCDC**.**

Brinson alleges that the sixty-month § 924(c) aspect of the South Carolina Federal Sentence ". . . cannot be made to run consecutively to the second state sentence as it did not exist when the Federal Government indicted him in 1991, nor even when the South Carolina District Court sentenced him on September 23, 1993." [R. 2, p. 8]. He therefore appears to contend that the BOP should credit the sixty-month § 924(c) term of the South Carolina Federal Sentence with the time he spent in South Carolina state custody between 2003 and February 1, 2010.

Brinson's argument ignores the fact that after he finished serving the First South Carolina

State Sentence (and the concurrent 125-month aspect of the South Carolina Federal Sentence), he then had to complete service of his thirty-year prison term on the Second South Carolina State Sentence. Generally, a prisoner can not begin serving a federal sentence until he finishes serving his state sentence and officially enters into federal custody. *United States v. Custard*, 230 F.3d 1360, 2000 WL 1290338, at *2 (6th Cir. September 5, 2000); *United States v. Quintero*, 157 F.3d 1038 (6th Cir. 1998).

Brinson's argument also ignores the established principle that a federal prisoner can not receive "double" credits for time served in custody of another service. 18 U.S.C. § 3585(b).[7] *See also*, *United States v. Wilson*, 503 U.S. 329, 337 (1992) (holding that a defendant cannot receive "a double credit for his detention time."); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (noting that § 3585 is intended to prevent double credit for detention incurred before a sentence begins); *United States v. Morales*, 6:04-CR-88-KKC, 2009 WL 3486021, at *9 (E.D. Ky. October 23, 2009). Thus, if the BOP credits the consecutive sixty-month § 924(c) firearm term with the time Brinson spent in state custody between 2003 and February 1, 2010, serving the Second South Carolina State Sentence, Brinson would in essence receive double credit for one period of time

---

[7] That statute provides as follows:

. . . .

(b) **Credit for prior custody**.- -  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).

13

served, a result that § 3585(b) prohibits.

Brinson further alleges that the South Carolina state court expressly ordered the Second South Carolina State Sentence ". . . to run concurrent with any previously imposed federal and state sentence," [R. 2, p. 2], but the state court sentencing documents do not substantiate that claim. The three sentences comprising Second South Carolina State Sentence were each  marked to run "concurrent" [R 2-2, pp. 1-3], but the sentencing judge did not specify whether the three sentences were to run concurrently *with each other*, which was the probable intention, or whether they were to run concurrently with the South Carolina Federal Sentence and/or the First South Carolina State Sentence. The second South Carolina state court proceeding, 93-GS-32-1556, was not filed until 1993 and involved escape and kidnapping offenses which do not appear to be related to the July 11, 1991 bank robbery, which was the subject of the First South Carolina State Sentence. Thus, it is questionable whether the state court intended the Second State Sentence to run concurrently with the South Carolina Federal Sentence entered just one month prior on September 23, 1993.

Brinson's next argument, that the BOP failed to take him into custody in 2002 or 2003 instead of on February 1, 2010, lacks merit and is contradicted by the September 30, 2011, "Fax" Memorandum from Stephanie Willis, Assistant Division of the South Carolina Department of Corrections. [R. 23-1, p. 2]. That Memorandum lists Brinson's four South Carolina sentences and states that on August 6, 2004, Brinson completed serving his sentence for Armed Robbery imposed on March 13, 1992 (the First South Carolina State Sentence). *Id.* It also states that on October 18, 1993, Brinson received three other sentences, one of which was for Kidnapping, and that Brisnon

14

did not complete the Kidnapping sentence until February 8, 2010.[8]  *Id*.

Brinson correctly states that he completed service of the First South Carolina State Sentence many years ago (on August 6, 2004).  He received credit on the 125-month aspect of the South Carolina Federal Sentence while doing so.  But in arguing that the BOP should have either taken him into custody or started crediting his two federal sentences on August 7, 2004, instead of February 1, 2010, Brinson continues to ignore two facts previously discussed: (1) after Brinson completed service of the First South Carolina State Sentence, he then had to complete service of the Second South Carolina State Sentence, and (2) Brinson did not complete service of  the Second South Carolina State Sentence until February 8, 2010.

 "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  Brinson could not have commenced service of either the § 924(c) sixty-month aspect of the South Carolina Federal Sentence or the North Carolina Federal Sentence until he came into the BOP's custody under the terms specified in § 3595(b), and he could not come into the BOP's custody until he completed service of **both** of his South Carolina state sentences, which did not occur until February 8, 2010.

As it is, the BOP has determined that Brinson began serving his two federal sentences on February 1, 2010, seven days prior the date on which the SCDC states that Brinson completed serving his two state sentences.  *See* "Date Computation Began" Entry, SMCD, [R. 2-7, p. 2].

---

[8] Thus, even though Brinson was convicted of three offenses and was sentenced on October 18, 1993, to a total of thirty years in the Second South Carolina State Sentence, he spent only six years and three and a half months (from October 18, 2003-February 8, 2010) serving that sentence.

Therefore, Brinson's claim that the BOP erred by not taking him into custody, or not beginning to credit his two federal sentences in 2004 instead of February 1, 2010, is patently incorrect.

Brinson alleges that by the time he came into the BOP's custody on February 1, 2010, he had served his debt to society as to the July 11, 1991, robbery of the Santee Cooper State Bank of South Carolina. That is true with respect to the 125-month portion of the South Carolina Federal Sentence relating to the § 2113(d) armed bank robbery offense, but not as to the § 924(c) sixty-month portion of the South Carolina Federal Sentence. The BOP correctly determined that Brinson must serve sixty-months on the § 924(c) firearm sentence consecutively to both his 125-month sentence on the § 2113(d) armed bank robbery sentence and the Second South Carolina State Sentence, which he completed serving on February 1, 2010. From that date, Brinson must serve five years in BOP custody because he used a firearm during and relation to the July 11, 1991, armed robbery, and he is entitled to no prior custody credits on that five-year sentence.

Finally, Brinson's construed collateral challenge in this proceeding to the imposition of the § 924(c) sixty-month portion of the South Carolina Federal Sentence, and/or the PSI which lead to that sentence, lacks merit. As previously documented in this Order, the South Carolina federal courts explained to Brinson in his prior §2241 proceedings that by failing to file a timely 28 U.S.C. § 2255 motion to vacate his § 2113(d) and/or his § 924(c) sentences, he could not later attack those sentences either by a *coram nobis* or a § 2241 petition.

The same result obtains in this jurisdiction. A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge

16

the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d 756-758. The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758. Brinson's failure to challenge the consecutive aspect of his sixty-month § 924(c) sentence in a timely § 2255 motion in the United States District Court for the District of South Carolina precludes him from asserting such a challenge in this § 2241 petition.

## 2. The North Carolina Federal Sentence

The BOP has correctly determined that the North Carolina Federal Sentence runs consecutively to both the First South Carolina State Sentence, and hence, the § 924(c) portion of the South Carolina Federal Sentence and Second South Carolina State Sentence; that Brinson must serve twenty years in federal custody serving the North Carolina Federal Sentence; and that Brinson is not entitled to prior custody credits on the North Carolina Federal Sentence.

When multiple terms of imprisonment are imposed at different times, the sentences run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a); *United States v. Morales*, 6:04-CR-88-KKC, 2009 WL 3486021, at *12 (E.D. Ky. October 23, 2009). Put another way, if a federal judgment and commitment order is silent as to whether the sentence runs concurrently with or consecutively to a previously imposed state sentence, and state authorities have primary jurisdiction over the defendant, the presumption is that the federal sentence will run consecutively to the state sentence regardless of which sentence was imposed first. *Jones v.*

*Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *3 (E.D. Mich. July 1, 2010). That presumption is based on § 3584(a), "which generally requires consecutive service of sentences imposed at different times unless the court specifies concurrent service." *Id*. Because the federal court in North Carolina did not order the North Carolina Federal Sentence to run concurrently with any prior sentence, either state or federal, the BOP did not err by treating the North Carolina Federal Sentence as running consecutively to Brinson's two prior state sentences and the § 924(c) sixty-month aspect of the South Carolina Federal Sentence.

Brinson, like the petitioner in *Jones*, next argues that he was entitled to a concurrent sentence based on the terms of his Plea Agreement which stipulated that the North Carolina Federal Sentence was to run concurrently with a previously imposed state sentence. However, the language of Brinson's Plea Agreement, like that of the Plea Agreement in *Jones*, specifically stated that a concurrent sentence was contingent upon the federal court's acceptance of that stipulation. *Id*. The parties' stipulation that Brinson's federal sentence would run concurrently with a prior state sentence did not bind the federal court to impose a concurrent sentence. *See* Plea Agreement, [R. 2-5, p. 2, ¶ 5(e)]. Obviously, the North Carolina federal court chose not to order a concurrent sentence because it did not specify such a sentence in the Criminal Judgment.

Further, the North Carolina Federal Sentence resulted from Brinson robbing a bank *in North Carolina* on October 27, 1992. Both the First South Carolina State Sentence and the current 125-month portion of the South Carolina Federal Sentence resulted from Brinson robbing a bank in *South Carolina* over a year before, on July 11, 1991. Had the North Carolina federal court ordered its twenty-year sentence to run concurrently with the First South Carolina State Sentence and the 125-month portion of the South Carolina Federal Sentence, it would have effectively been giving him

18

"double" credit for service time that was already being credited against not one but two other sentences which resulted from the July 11, 1991, bank robbery in South Carolina.  As previously discussed, the award of "double" credits for time served in custody is prohibited by 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505 (6th Cir. 1993); *Morales*, 2009 WL 3486021, at *9.

Further, Brinson is not entitled to any *Willis* credits on the North Carolina Federal Sentence. In order to qualify for *Willis* credits, a federal sentence must be ordered to run concurrently with a state sentence, but here, the North Carolina Federal Sentence was not ordered to run concurrent with any state sentence.  Had Brinson been convicted in the 28th Prosecutorial District in Asheville, North Carolina of violating 92 CRS 66311, (Robbery with a Dangerous Weapon) *before* the North Carolina Federal Sentence was imposed on May 10, 1994, grounds might have existed for running the North Carolina Federal Sentence concurrently with such a prior state court conviction and awarding him *Willis* credits, but that event did not occur.  Brinson was charged in the North Carolina state court with robbing a bank on October 27, 1992, but that state court charge was eventually dismissed on September 30, 1998.

The North Carolina Federal Sentence was imposed on May 10, 1994, and at that time, Brinson was in the primary custody of the State of South Carolina and was only secondarily in federal custody in North Carolina pursuant to a writ of *habeas corpus ad prosequendum*.  *See* § 2241 Petition, [R.2, p. 4].  Thus, there was no prior North Carolina state conviction with which the North Carolina Federal Sentence could run concurrently, and Brinson is not entitled to *Willis* credits on the North Carolina Federal Sentence.

Finally, Brinson attempts in this § 2241 petition to challenge the imposition of the North

19

Carolina Federal Sentence by arguing that the information in the PSI was obsolete and/or incorrect; that the North Carolina federal court improperly prevented an official record of the proceeding from being maintained and accessed; and that the North Carolina federal court failed to list his criminal history in the Criminal Judgment and ignored the stipulations in the Plea Agreement.  Brinson does not, however, allege that he either appealed the North Carolina Federal Sentence or that he filed a motion under 28 U.S.C. § 2255 in the North Carolina federal court challenging any aspect of the North Carolina Federal Sentence, *i.e.*, the fact that it was not ordered to run concurrently with any other previously imposed sentence.

As explained before, Brinson may not collaterally challenge the North Carolina Federal Sentence in this § 2241 proceeding because he has not shown that his remedy under 28 U.S.C. § 2255 in the North Carolina federal court was inadequate and ineffective for challenging the "consecutive" aspect of the North Carolina Federal Sentence.  The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, *Charles*, 180 F.3d 756-758, and the remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  *Id*. at 758. Brinson's prior failure to challenge the "consecutive" aspect of the North Carolina Federal Sentence imposed almost eighteen years ago precludes him from asserting that challenge in this § 2241 proceeding.

### BRINSON'S OTHER MOTIONS AND CLAIMS FOR RELIEF

Brinson asserted other claims in his § 2241 petition and has since filed numerous motions seeking various forms of relief.  These claims and motions will be denied for various reasons.

Brinson alleges that the PSR prepared in his two federal sentences contained obsolete

20

information about him and have resulted in the BOP's decision to place him in USP-Big Sandy, a higher security facility. Brinson states that for various reasons ". . .he does not fit into a prison setting like Big Sandy." Petition, [R. 2, p. 11]. His claim, which challenges the conditions of his confinement, can not be asserted in a § 2241 habeas petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). A challenge to a condition of federal confinement can only be asserted in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the filing fee for which is $350.00, even if the prisoner qualifies for pauper status. Prior to filing a *Bivens* action asserting any condition of confinement claims, Brinson must fully complete the BOP's three-step administrative remedy process set forth in 28 C.F.R. §§ 542.10-19. This claim will be dismissed without prejudice to Brinson asserting it in a *Bivens* action after exhausting his administrative remedies.

Next, Brinson alleges that the BOP is improperly deducting funds from his inmate account and applying them to fines and restitution ordered in the South Carolina Federal Sentence, presumably pursuant to the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10-545.11.[9] *See* Petition, [R. 2, pp. 11-12]. Again, because Brinson has not administratively exhausted this claim, which also challenges a condition of his BOP confinement, it will be dismissed without prejudice to Brinson's asserting it in a *Bivens* action**.**

Brinson's motion to reduce his federal sentence(s), and/or to enforce the alleged terms of the government's promise of a reduced sentence, under FED. R. CRIM. P. 35, [R. 11], will also be

---

[9] The BOP implemented the IFRP in 1987 to encourage federal inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10.

21

denied.  Rule 35 permits a district court to correct an "arithmetical, technical, or other clear error" within seven days of sentencing, **or** on the government's motion, to reduce a defendant's sentence if he has provided substantial assistance to the government.  FED. R. CRIM.  P. 35(a-b).  Rule 35(a) is inapplicable as well over seven days have passed since Brinson was sentenced.

The exception under Rule 35(b) is also inapplicable because such motions can be filed only by the government, and only in the court in which the defendant was sentenced.  *United States v. Baker*, 39 F. App'x 125, 127 (6th Cir. 2002); *Hicks v. Patton*, No. 07-CV-046-HRW, 2007 WL 2793847, at *7 (E.D. Ky. September 26, 2007).  Thus, only the United States would have standing to file a Rule 35(b) motion in either the United States District Court for the District of South Carolina or the Western District of North Carolina.

Because the Court has concluded that the BOP has properly calculated the terns of Brinsons's federal sentences and his release date, and has determined that he is entitled to no prior sentencing credits on those sentences, three of  Brinson's motions will be denied as moot: (1) his "Motion for Summary Judgment and Request for Default by the BOP," [R. 16]; (2) his "Motion to Supplement the Record Pursuant to FED. R. Civ P. 6 Discovery," [R. 20]; and (3) his "Motion to Recognize Katherine D. Larson as his Guardian *ad litem*," [R. 21].  Brinson's other motion, to amend his § 2241 petition, [R. 23], will be granted, but his § 2241 petition, as amended by R. 23, will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)      Richard Ives, the current Warden of USP-Big Sandy, is **SUBSTITUTED** as the Respondent to this proceeding in place of David Berkebile, the former Warden of USP-Big Sandy,

and the Clerk of the Court shall modify the CM/ECF cover sheet to designate Richard Ives as the proper Respondent to this proceeding;

(2)     Petitioner Drew Harold Brinson's 28 U.S.C. § 2241 petition for writ of habeas corpus, [R. 2] as subsequently amended by R. 12, R.13, and R. 23, is **DENIED**;

(3)     Brinson's Motion seeking a reduction of his federal sentence(s) under FED. R. CRIM. P. 35, [R. 11], is **DENIED**;

(4)     Brinson's "Motion for Summary Judgment and Request for Default Judgment on BOP [Bureau of Prisons] Administrative Remedy," [R. 16]; his "Motion to Supplement the Record Pursuant to FED. R. Civ P. 6 Discovery," [R. 20]; and his "Motion to Recognize Katherine D. Larson as his Guardian *ad Litem*," [R. 21], are **DENIED** as **MOOT**;

(5)     Brinson's motion to amend his § 2241 petition, [R. 23], is **GRANTED** and the Clerk of the Court shall note in the docket sheet that Brinson's original § 2241 Petition, [R. 2] is amended by R. 23;

(6)     Brinson's claims challenging his placement in USP-Big Sandy and the deduction of his inmate funds through the Inmate Financial Responsibility Program will be dismissed without prejudice to his asserting those claims a 28 U.S.C. § 1331 civil rights action;

(7)     This action is **DISMISSED** from the active docket; and

(8)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Richard Ives.

Dated this 14th day of March, 2012.



Signed By:

*Karen K. Caldwell*

**United States District Judge**